FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 23, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| COLUMBIA RIVERKEEPER, | |
| Plaintiff, | Nos.  4:21-CV-05152-SAB |
| v. | |
| UNITED STATES ARMY CORPS OF | **ORDER OF DISMISSAL** |
| ENGINEERS; and LIEUTENANT | |
| GENERAL SCOTT A. SPELLMON, in | |
| his official capacity as the Commanding | |
| General and Chief of Engineers of the | |
| United States Army Corps of Engineers, | |
| Defendants. | |

Before the Court is the parties' Joint Motion for Dismissal Without Prejudice, ECF No. 45. The parties indicate they have executed a Settlement Agreement. They ask that the Court dismiss the claims in this matter and retain jurisdiction to resolve disputes pertaining to the Settlement Agreement. The Court finds the Settlement Agreement is reasonable and good cause exists to enter it into the record and dismiss the case without prejudice.

//

//

//

**ORDER OF DISMISSAL** *1

Accordingly, **IT IS HEREBY ORDERED**:

1.      The parties' Joint Motion for Dismissal Without Prejudice, ECF No. 45, is **GRANTED**. The above-captioned case and all claims and causes of action therein are **DISMISSED without prejudice**.

2.      Subject to and in accordance with paragraph 10(b) of the above referenced **Settlement Agreement, which is attached to this Order**, this Court shall retain jurisdiction over this matter for the purpose of resolving those disputes for which Plaintiff Columbia Riverkeeper or Defendants, the United States Army Corps of Engineers and its Commanding General and Chief of Engineers, may petition the Court. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order, to provide copies to counsel, and **close** the file.

**DATED** this 23rd day of March 2023.



Stanley A. Bastian
Chief United States District Judge

**ORDER OF DISMISSAL** *2

1

## SETTLEMENT AGREEMENT

2

3       This Settlement Agreement ("Settlement Agreement") is made by and

4  between Columbia Riverkeeper ("Riverkeeper") and the United States Army Corps

5  of Engineers and Lieutenant General Scott A. Spellmon, in his official capacity as

6  the Commanding General and Chief of Engineers of the United States Army Corps

7  of Engineers (collectively, "Corps" or "Defendants"). In this Settlement

8  Agreement, Riverkeeper and the Corps may collectively be referred to as "Parties"

9  and may be referred to individually as a "Party."

10      WHEREAS, on December 8, 2021, Plaintiff filed in separate federal district

11 courts two related Complaints, one in the United States District Court for the

12 Eastern District of Washington (*Columbia Riverkeeper v. U.S. Army Corps of*

13 *Engineers, et al*., E.D. Wash. No. 4:21-CV-05152-SAB) and one in the United

14 States District Court for the District of Oregon (*Columbia Riverkeeper v. U.S.*

15 *Army Corps of Engineers, et al*., D. Or. No. 2:21-CV-1777).

16      WHEREAS, the Complaints allege that the Corps discharges pollutants from

17 three dams, The Dalles dam, the John Day dam, and the McNary dam, without the

18 authorization of National Pollutant Discharge Elimination System ("NPDES")

19 permits in violation of section 301(a) of the Clean Water Act ("CWA"), 33 U.S.C.

20 § 1311(a);

        WHEREAS, the Complaint filed in the Eastern District of Washington

SETTLEMENT AGREEMENT
                    1

1  addresses alleged discharges of pollutants from The Dalles dam and alleged

2  discharges of pollutants from sources located in Washington at the John Day and

3  McNary dams;

4       WHEREAS, the Complaint filed in the District of Oregon addresses alleged

5  discharges of pollutants from sources located in Oregon at the John Day and

6  McNary dams;

7       WHEREAS, both Complaints seek similar declaratory and injunctive relief

8  and an award of Riverkeeper's litigation costs as authorized by section 505(d) of

9  the CWA, 33 U.S.C. § 1365(d);

10       WHEREAS, on January 28, 2022, Riverkeeper filed a Motion to Transfer

11  with the Judicial Panel on Multidistrict Litigation ("Panel"), which the Corps did

12  not oppose;

13       WHEREAS, on April 8, 2022, the Panel denied the Motion to Transfer;

14       WHEREAS, on April 27, 2022, the Corps filed a Consent Motion to

15  Transfer the District of Oregon case to the Eastern District of Washington;

16       WHEREAS, on April 28, 2022, the District Court for the District of Oregon

17  granted that Consent Motion;

18       WHEREAS, the transferred case was assigned to the Honorable Chief

19  District Judge Stanley A. Bastian under E.D. Wash. Case No. 4:22-CV-05056-

20  SAB;

SETTLEMENT AGREEMENT      2

1    WHEREAS, on May 10, 2022, the Parties jointly moved to consolidate the

2    two cases then pending in the Eastern District of Washington;

3    WHEREAS, the District Court for the Eastern District of Washington

4    granted the motion later that day, ordered that E.D. Wash. Case No. 4:22-CV-

5    05056-SAB be consolidated into E.D. Wash. Case No. 4:21-CV-05152-SAB,

6    closed E.D. Wash. Case No. 4:22-CV-05056-SAB, and ordered that all further

7    filings be submitted in E.D. Wash. Case No. 4:21-CV-05152-SAB;

8    WHEREAS, this Settlement Agreement resolves both of the consolidated

9    cases, collectively and individually;

10    WHEREAS, on December 15, 2022, EPA issued NPDES permits for all

11    three dams at issue (i.e., The Dalles dam, the John Day dam, and the McNary

12    dam);

13    WHEREAS, EPA's NPDES permits address discharges from the three

14    dams to the Columbia River within Washington State;

15    WHEREAS, Plaintiff alleges that two of the dams at issue—the John Day

16    Dam and the McNary Dam—also discharge to the Columbia River within Oregon

17    State, that those discharges are not yet authorized by NPDES permits, and that the

18    Oregon Department of Environmental Quality ("Oregon DEQ") is the NPDES

19    permitting agency for such discharges to waters within the State of Oregon;

20    WHEREAS, Defendants have in place a Spill Prevention Control and

SETTLEMENT AGREEMENT                3

1  Countermeasure ("SPCC") plan at the John Day and McNary dams, which plans

2  address oil spill prevention, preparedness, and response intended to prevent or

3  minimize oil spills to navigable waters and adjoining shorelines, and the Corps

4  conducts annual drills intended to ensure that it has appropriate capability to

5  respond to such spills;

6  　　　WHEREAS, in 2014, Riverkeeper, the U.S. Army Corps of Engineers, and

7  Lieutenant General Thomas Bostick, in his official capacity at that time as

8  Commanding General of the U.S. Army Corps of Engineers, entered into an

9  agreement ("2014 Agreement") that addressed allegations that Riverkeeper made

10  in three federal district court cases that the Panel centralized in the Eastern District

11  of Washington, *see* ECF 47, No. 2:13-md-02494-LRS (E.D. Wash.);

12  　　　WHEREAS, the 2014 Agreement was submitted to the Eastern District of

13  Washington in E.D. Wash. Case Nos. 2:13-md-02494-LRS, 2:13-cv-00282-LRS,

14  2:13-cv-00418, and 2:14-cv-00030-LRS;

15  　　　WHEREAS, the 2014 Agreement addressed Riverkeeper's allegations that

16  the Corps discharged pollutants without NPDES permits from eight dams,

17  including The Dalles dam, John Day dam and the McNary dam, allegedly in

18  violation of section 301(a) of the CWA, 33 U.S.C. § 1311(a);

19  　　　WHEREAS, the 2014 Agreement requires, *inter alia*, that the Corps apply

20  for NPDES permits for discharges from the eight dams and includes a covenant

SETTLEMENT AGREEMENT          4

1    from Riverkeeper to not sue the Corps for unpermitted discharges from the eight

2    dams for a seven year period;

3         WHEREAS, the 2014 Agreement requires, *inter alia*, that the Corps submit

4    written requests to EPA and/or Oregon DEQ every twelve months, "requesting an

5    update on the status of each permit application that remains pending";

6         WHEREAS, the 2014 Agreement also requires, *inter alia*, that the Corps

7    "notify [Riverkeeper] of those events that the Corps reports to the National

8    Response Center" pursuant to the Corps' SPCC plans;

9         WHEREAS, the 2014 Agreement also requires, *inter alia*, that the Corps

10   prepare a final regional Oil Accountability Plan ("OAP") for the Corps'

11   Northwestern Division, apply that OAP to each of the eight dams, and annually

12   make publicly available on a Corps website "reports that include a description of

13   the results of the monitoring and any assessments" of oils and greases under the

14   OAPs for the eight dams;

15        WHEREAS, the 2014 Agreement also provides that the Corps' obligations

16   to submit requests to EPA or to Oregon DEQ, to notify Riverkeeper of those events

17   that the Corps reports to the National Response Center pursuant to the Corps'

18   SPCC plans, and to make available the reports regarding oils and greases "shall

19   terminate for each Dam or portion thereof when the Corps obtains NPDES permit

20   coverage that addresses discharges of pollutants associated with operations at that

SETTLEMENT AGREEMENT                    5

1   Dam or portion thereof";

2        WHEREAS, EPA has issued NPDES permits for discharges to waters in the

3   State of Washington from all eight dams at issue in the 2014 Agreement, and the

4   Corps' obligations under the 2014 Agreement regarding the dams or portions

5   thereof for which the Corps obtained permit coverage have terminated;[1]

6        WHEREAS, the Oregon DEQ has not yet issued NPDES permits for the

7   Oregon portions of the John Day and McNary dams, and so the Corps' obligations

8   under the 2014 Agreement have not yet terminated for the Oregon portions of

9   those dams;

10        WHEREAS, the Parties intend that the terms of this Settlement Agreement

11   supersede the terms contained in the 2014 Agreement regarding the Oregon

12   portions of the John Day and McNary dams, and, accordingly, on the Effective

13   Date of this Settlement Agreement, the terms of the 2014 Agreement shall be null

14   and void regarding, and shall no longer apply to, the Oregon portions of those

15   dams;

16

17   _____

18   [1]  Specifically, the Corps' obligations under the 2014 Agreement have terminated for: The Dalles dam; the Ice Harbor dam; the Lower Monumental Dam; the Little Goose Dam; the Lower Granite Dam; the Washington portions of the Bonneville

19   Dam; the Washington portions of the John Day dam; and the Washington portions of the McNary dam. Riverkeeper alleged that portions of the Bonneville, John Day,

20   and McNary dams also discharge to waters within the State of Oregon.

SETTLEMENT AGREEMENT                    6

WHEREAS, Riverkeeper and the Corps have agreed to this Settlement Agreement without any admission of fact or law;

WHEREAS, Riverkeeper and the Corps consider this Settlement Agreement to be a fair, adequate, and reasonable resolution of the claims that were or potentially could have been raised in the case(s); and

WHEREAS, Riverkeeper and the Corps believe that it is in the interest of the public, the Parties, and judicial economy to enter into this Settlement Agreement rather than engage in protracted litigation;

NOW THEREFORE, the Parties, by and through their undersigned counsel, hereby agree upon the following settlement terms and conditions:

I.     Parties Bound.

1.     This Settlement Agreement applies to, is binding upon, and inures to the benefit of the Parties and their successors, assigns, and designees.

II.     The Corps' Obligations.

2.     The Corps shall diligently respond to any requests from Oregon DEQ related to the pending John Day dam and McNary dam NPDES permit applications. Starting six months from the Effective Date of this Agreement, the Corps shall submit written requests to Oregon DEQ every six months, with copies provided to Riverkeeper at the same time, for an update on the status of each of those permit applications. The Corps' obligations to submit such requests shall

SETTLEMENT AGREEMENT                    7

1    terminate when Oregon DEQ takes final action on the applicable NPDES permit

2    application or when Riverkeeper commences an action pursuant to paragraph 8

3    below, whichever is earlier.

4        3.    The Corps shall notify Riverkeeper of those events at the Oregon

5    portions of the John Day and McNary dams that the Corps reports to the National

6    Response Center pursuant to the Corps' SPCC plans for those dams. The Corps'

7    obligations to provide such notifications for each dam shall terminate when the

8    Corps obtains NPDES permit coverage that addresses discharges of pollutants

9    from sources at that dam located in Oregon or when Riverkeeper commences an

10    action pursuant to paragraph 8 below, whichever is earlier. Such notifications to

11    Riverkeeper may be provided via email, and shall be made promptly and in no

12    instance later than two business days from the Corps' discovery of the event. The

13    Corps' notification to Riverkeeper shall not constitute an admission by the Corps

14    of a discharge of any pollutant in violation of the CWA or any other law.

15        4.    For the Oregon portions of the John Day and McNary dams, the Corps

16    shall continue implementing the OAPs that the 2014 Agreement required the Corps

17    to develop for those dams and shall continue to make the annual reports generated

18    under the OAPs publicly available on a Corps website. Consistent with the 2014

19    Agreement, the reports shall include a description of the results of the monitoring

20    and any assessments of oils and greases under the OAPs for the John Day and

SETTLEMENT AGREEMENT                8

McNary dams. The reports may address the entirety of the John Day and McNary

dams even though the reports are only required to address the Oregon portions of

those dams. The Corps' obligations to provide such reports shall terminate when

the Corps obtains NPDES permit coverage that addresses discharges of pollutants

from sources at that dam located in Oregon or when Riverkeeper commences an

action pursuant to paragraph 8 below, whichever is earlier.

5.    Within 120 days after the Corps' receipt of correct payment and

deposit information described below from Riverkeeper or within 120 days after the

Effective Date of this Settlement Agreement, whichever is later, Defendants shall

pay to Riverkeeper the amount of $80,000.00 by Electronic Funds Transfer

("EFT"). Riverkeeper's counsel shall provide the following payment and deposit

information to counsel for the Corps:

> EFT Payable to
> Bank name
> Bank address
> ABA Routing number
> Account number
> Name and Type (Checking or Savings) of Account
> Taxpayer identification number.

Riverkeeper hereby releases any and all claims and potential claims under

any statute or other authority, including, but not limited, to 33 U.S.C. § 1365(d),

for costs of litigation, attorney fees, expert fees, court costs, and other costs or fees

accrued through the Effective Date of this Settlement Agreement in connection

SETTLEMENT AGREEMENT                          9

1    with E.D. Wash. Case No. 4:21-CV-05152-SAB (and consolidated E.D. Wash.

2    Case No. 4:22-CV-05056-SAB).

3         6.    Promptly after the Effective Date of this Settlement Agreement, the

4    Parties shall file a notice with the Eastern District of Washington in Case Nos.

5    2:13-md-02494-LRS, 2:13-cv-00282-LRS, 2:13-cv-00418, and 2:14-cv-00030-

6    LRS that: (a) the Corps has obtained NPDES permits for discharges from, and so

7    the Corps' obligations under the 2014 Agreement have terminated for, The Dalles

8    dam, the Ice Harbor dam, the Lower Monumental Dam, the Little Goose Dam, the

9    Lower Granite Dam, the Washington portions of the Bonneville Dam, the

10   Washington portions of the John Day dam, and the Washington portions of the

11   McNary dam; and (b) the terms of this Settlement Agreement supersede the terms

12   contained in the 2014 Agreement regarding the Oregon portions of the John Day

13   and McNary dams, and, accordingly, as of the Effective Date of this Settlement

14   Agreement, the terms of the 2014 Agreement shall be null and void regarding, and

15   shall no longer apply to, the Oregon portions of those dams.

16        III.   Dismissal of Claims and Releases.

17        7.    The Parties agree that this Settlement Agreement represents a good

18   faith compromise of all matters addressed in this Settlement Agreement. Upon

19   execution of this Settlement Agreement, the Parties shall file an agreed-upon joint

20   motion and proposed order providing that E.D. Wash. Case No. 4:21-cv-05152-

SETTLEMENT AGREEMENT            10

SAB (and consolidated E.D. Wash. Case No. 4:22-cv-05056-SAB) shall be dismissed without prejudice pursuant to Fed. R. Civ. P. 41, subject to the provisions of this Settlement Agreement. This Settlement Agreement shall be null and void if the Court does not dismiss E.D. Wash. Case No. 4:21-cv-05152-SAB (and consolidated E.D. Wash. Case No. 4:22-cv-05056-SAB) in accordance with the terms set forth in the agreed-upon joint motion and proposed order.

8.      Notwithstanding dismissal of this case without prejudice, Riverkeeper hereby releases, discharges and covenants not to assert (by way of commencement or refiling of any action, the joinder of the Corps in an existing action, or in any other fashion) any and all claims, causes of action, suits or demands of any kind in law or in equity regarding alleged unpermitted discharges of pollutants from sources located in Oregon at the John Day and McNary dams until either: (i) the Corps obtains NPDES permit coverage that addresses discharges of pollutants from sources located in Oregon at the applicable dam; or (ii) March 31, 2025, whichever is earlier. In the event that Riverkeeper commences any action against the Corps after the passage of time under the preceding clause (ii), any remaining obligations of the Corps under this Settlement Agreement shall terminate.

IV.    Force Majeure.

9.      The possibility exists that circumstances outside the reasonable control of the Corps could delay compliance with the timetables set forth in this

SETTLEMENT AGREEMENT                11

1    Settlement Agreement. Such circumstances include, but are not limited to,

2    sufficient funds not being appropriated as requested, the unavailability of

3    appropriated funds for expenditure, government shutdown, pandemic, and

4    significant events that are outside of normal fluctuations in dam operations and that

5    require an immediate and/or time-consuming response by the Corps, including, but

6    not limited to, significant events related to electrical power needs, flow

7    augmentation actions, or actual or potential flooding. Should a delay occur due to

8    such circumstances, then any resulting failure to meet the deadlines or other terms

9    set forth in this Settlement Agreement shall not constitute a failure to comply with

10   those deadlines or other terms, and any deadlines so affected shall be extended one

11   day for each day of the delay. The Corps will provide Riverkeeper with reasonable

12   notice in the event that the Corps invokes this Force Majeure term. Any dispute

13   regarding invocation or the applicability of this provision shall be resolved in

14   accordance with the Dispute Resolution provisions of Section V below.

15          V.    Dispute Resolution.

16          10.    The Parties agree that efforts shall be made to resolve any future

17   dispute arising out of this Settlement Agreement (the "Dispute") in accordance

18   with the procedures specified below.

19              (a)    Negotiation. In the event of a disagreement between

20   Riverkeeper and the Corps concerning the interpretation or performance of any

SETTLEMENT AGREEMENT
                                12

1   aspect of this Settlement Agreement, the dissatisfied Party shall provide the other

2   Party with written notice of the Dispute and a request for informal negotiations.

3   The Parties shall meet and confer in a good faith effort to attempt to resolve the

4   Dispute within thirty (30) days of receipt of the written notice or such time

5   thereafter as is mutually agreed.

6             (b)     Petition for Judicial Resolution. If the Parties are unable to

7   resolve the Dispute informally within thirty (30) days of receipt of the written

8   notice or such time thereafter as is mutually agreed, then either Riverkeeper or the

9   Corps may petition the Court to resolve the Dispute. The Parties shall follow the

10   motion practice procedures prescribed by the Federal Rules of Civil Procedure and

11   the Local Rules for the District Court for the Eastern District of Washington in

12   presenting the Dispute to the Court, and a Party's response to a petition under this

13   provision may include a cross-motion under Federal Rule of Civil Procedure 60.

14   The Court shall retain jurisdiction over this matter for the sole purpose of resolving

15   those disputes over which Riverkeeper or the Corps may petition the Court. *See*

16   *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994). Notwithstanding

17   any other provision of this Settlement Agreement, however, Riverkeeper and the

18   Corps expressly preserve, and do not waive or limit, any and all defenses relating

19   to such litigation, including any that may exist under Federal Rule of Civil

20   Procedure 60. Contempt of court is not an available remedy under this Settlement

SETTLEMENT AGREEMENT

Agreement.

        (c)    Confidentiality of Negotiations and Mediation. All informal negotiations and related communications and proceedings conducted pursuant to subparagraph (a) of this paragraph 10 are confidential and shall be treated as compromise and settlement negotiations for the purposes of applicable rules of evidence and any additional confidentiality protections provided by applicable law.

       VI.    <u>Miscellaneous Provisions</u>.

       11.    Any notice required or made with respect to this Settlement Agreement shall be in writing (including email) and shall be effective upon receipt. Any notice or other documents required pursuant to this Settlement Agreement shall be sent to the following contact persons:

For Riverkeeper:

Miles Johnson
Columbia Riverkeeper
P.O. Box 950
Hood River, Oregon 97031
Phone: (541) 490-0487
Email: miles@columbiariverkeeper.org

And

Brian Alan Knutsen
Kampmeier & Knutsen, PLLC
1300 S.E. Stark Street, Suite 202
Portland, Oregon 97214
Phone: (503) 841-6515
Email: brian@kampmeierknutsen.com

SETTLEMENT AGREEMENT      14

For the Corps:

U.S. Army Corps of Engineers
Northwestern Division
Attn: Office of Counsel
1201 NE Lloyd Blvd., Suite 400
Portland, Oregon 97232

Mark A. Nitczynski
U.S. Department of Justice
Environment & Natural Res. Division
999 18th Street
South Terrace, Suite 370
Denver, CO 80202
Phone: (303) 844-1498
Email: mark.nitczynski@usdoj.gov

And

Chief, Environmental Defense Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
MailProcessing_EDS.ENRD@usdoj.gov

Upon written notice to the other Parties, any Party may designate a successor

contact person for any matter relating to this Settlement Agreement.

12.    Upon fulfillment of the Corps' obligations under this Settlement

Agreement, the Corps' obligations under this Settlement Agreement shall

terminate.

13    Except as expressly provided herein, nothing in this Settlement

Agreement shall be construed to limit or modify the discretion accorded to the

SETTLEMENT AGREEMENT                    15

Corps by any laws, including but not limited to the CWA or any other statutes, or any principles of administrative law.

14.     Nothing in this Settlement Agreement shall constitute an admission or evidence of any fact, wrongdoing, misconduct, or liability on the part of the Corps, its officers or any person affiliated with it. The provisions, terms and conditions of this Settlement Agreement shall not be admissible in any judicial or administrative proceeding except: (i) in the Corps' defense of a claim, cause of action, suit or demand asserted by Riverkeeper pursuant to paragraph 8 above; or (ii) in support or defense of a petition to the Court submitted by either Party pursuant to paragraph 10(b) above.

15.     Riverkeeper recognizes that the Corps' performance under this Settlement Agreement is subject to fiscal and procurement laws and regulations of the United States which include, but are not limited to, the Anti-Deficiency Act, 31 U.S.C. § 1341, et seq., and nothing in this Settlement Agreement shall be interpreted as or constitute a commitment or requirement that the Corps obligate or pay funds in contravention of the Anti-Deficiency Act. In addition, nothing in this Settlement Agreement shall be interpreted as or constitute a commitment or requirement that the Corps take actions in contravention of the Administrative Procedure Act, 5 U.S.C. §§ 551-559, 701-706, the CWA, the authorizing legislation for the John Day and McNary dams (Flood Control Act of 1950, Public

Law 81-516, and Rivers and Harbors Act of 1945, Public Law 79-14,

respectively), or any other substantive or procedural law or regulation.

16.    If, subsequent to the Effective Date of this Settlement Agreement, any change in the law or legal requirement goes into effect that alters or relieves the Corps' obligations concerning matters addressed in this Settlement Agreement, then the Settlement Agreement shall be amended to conform to such changes. Any dispute regarding invocation or the applicability of this provision shall be resolved in accordance with the Dispute Resolution provisions of Section V above.

17.    Except as set forth in this Settlement Agreement, the Parties reserve and do not waive any and all other legal rights and remedies.

18.    This Settlement Agreement shall be governed and construed under the laws of the United States.

19.    This Settlement Agreement constitutes the final, complete and exclusive agreement and understanding between Riverkeeper and the Corps with respect to the matters addressed in this Settlement Agreement. There are no representations, agreements or understandings relating to this settlement other than those expressly contained in this Settlement Agreement.

20.    The Effective Date of this Settlement Agreement shall be the date upon which the Court enters the order of dismissal proposed by the Parties.

21.    The Parties may, in a written document signed by all of the Parties,

SETTLEMENT AGREEMENT                    17

modify this Settlement Agreement.

22.    The Parties hereby agree that any and all rules of construction to the effect that ambiguity is construed against the drafting party shall be inapplicable in any dispute concerning the terms, meaning, or interpretation of this Settlement Agreement.

23.    Each undersigned representative of the Parties certifies that he or she is fully authorized by the Party to enter into this Settlement Agreement and to bind such Party to comply with the terms and conditions of this Settlement Agreement.

24.    This Settlement Agreement may be executed in any number of counterparts, each of which shall be deemed to constitute an original, and such counterparts shall together constitute one and the same Settlement Agreement. The execution of one counterpart by any Party shall have the same force and effect as if that Party had signed all other counterparts.

25.    Nothing in this Settlement Agreement shall be construed to make any person or entity not executing this Settlement Agreement a third-party beneficiary to this Settlement Agreement.

WHEREFORE, after having reviewed the terms and conditions of this Settlement Agreement, Plaintiff Columbia Riverkeeper and the United States on behalf of Defendants hereby consent and agree to the terms and conditions of this Settlement Agreement.

SETTLEMENT AGREEMENT                    18

1

DATE:    3-15-23

2

BRIAN A. KNUTSEN
EMMA A.O. BRUDEN

3

Kampmeier & Knutsen, PLLC
1300 S.E. Stark Street, Suite 202

4

Portland, OR 97214
Phone: (503) 841-6515

5

Email: brian@kampmeierknutsen.com
Email: emma@kampmeierknutsen.com

6

MILES JOHNSON

7

Columbia Riverkeeper
P.O. Box 950

8

Hood River, Oregon 97031
Phone: (541) 490-0487

9

Email: miles@columbiariverkeeper.org

10

ATTORNEYS FOR COLUMBIA
RIVERKEEPER

11

12

TODD KIM
Assistant Attorney General

13

United States Department of Justice
Environment & Natural Resources Division

14

15

DATE:    3/15/2023

MARK A. NITCZYNSKI

16

999 18th Street
South Terrace; Suite 370

17

Denver, CO 80202
(303) 844-1498

18

19

JEFFREY HAMMONS
United States Department of Justice

Environment & Natural Resources Division

20

Environmental Defense Section
P.O. Box 7611

SETTLEMENT AGREEMENT                    19

Washington, DC 20044
Phone: (202) 514-5452
Email: jeffrey.hammons@usdoj.gov


ATTORNEYS FOR U.S. ARMY CORPS
OF ENGINEERS AND LIEUTENANT
GENERAL SCOTT A. SPELLMON

SETTLEMENT AGREEMENT

20